IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JAMIE R. BONECUTTER,

       Plaintiff,

V.                                              CIVIL ACTION NO. 3:07-0962

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on June 21, 2004, alleging disability commencing January 1, 2004, as a consequence of a bad knee and two herniated discs. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-four years of age and had obtained a high school education and completed some college credits. His past relevant employment experience consisted of work as a construction laborer. In his decision, the administrative law judge

determined that plaintiff suffers from degenerative disc pathology of the lumbar spine (L4 through S1), degenerative arthritic joint pain of the right knee, seizure disorder and smoker's shortness of breath, impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. Plaintiff's medical history is significant for back problems with MRI evidence of disc herniations at the L4-5 and L5-S1 levels with some degree of spinal and foraminal stenosis, although the severity of these findings is noted to have decreased over time. He received only medication to treat this problem, and a number of instances of narcotic seeking behavior are documented in the record which, as the administrative law judge concluded, diminished the credibility of plaintiff's claim that his pain was so severe as to be disabling. Plaintiff also received treatment for right knee and leg pain, hypertension, a seizure disorder, depression and anxiety.

Relying on the opinions of the reviewing state agency medical advisors, the only sources to assess plaintiff's residual functional capacity, the administrative law judge found him capable of performing the lifting requirements of light level work (twenty pounds occasionally, ten frequently), with limited ability to stand and walk (a total of three to four hours per work day, one hour without interruption), and to sit (four to six hours per day, two hours without interruption). He determined

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

plaintiff could only occasionally climb stairs/steps/ramps, bend/stoop, crouch, kneel, push/pull with the lower extremities or operate right knee/foot (pedal) controlled equipment. The administrative law judge also found a prohibition on performing sustained/frequent overhead work, use of hand-held vibrating-type power tools, climbing hills/slopes, working on uneven terrain, climbing high ladders, working at unprotected heights, balancing on either leg, squatting, crawling, working near heavy moving machinery, exposure to excessive floor vibration, operation of mobile equipment or exposure to jarring, jostling, or jolting. He further concluded plaintiff could not be exposed to excessive air pollutants, pulmonary irritants, allergens, temperature extremes (cold), damp or humid conditions or direct sun. He determined plaintiff cannot do commercial driving, should be permitted to wear corrective eye glasses as desired and, because of his seizure disorder, should not work in isolation for extended periods, work with ovens or open fire hazards, near pools or other water hazards, or perform jobs having a direct impact on the public's safety.

Plaintiff contends that these extensive findings are not restrictive enough. In considering the evidence, the administrative law judge noted that plaintiff does have a history of two prior knee surgeries and findings on consultative exam of tenderness and a mildly antalgic gait; however, there was no loss of range of motion, and plaintiff did not complain of knee problems on even an occasional basis to Dr. Wagner who saw him frequently from at least June of 2003 through at least mid-2007. The administrative law judge clearly took this condition into account when assessing plaintiff's residual functional capacity and incorporated limitations on standing and walking as well as postural activities and pushing/pulling with the right lower extremity. These limitations take more than adequate account of the right knee problems documented in the record.

In addition to the MRI findings relative to plaintiff's lumbar spine, the administrative law judge took into account the clinical findings observed by the consultative examiner of tenderness,

limited range of motion and some difficulty with heel and toe walking[3] in determining residual functional capacity restrictions, which are generous in light of the evidence. The Court concludes that plaintiff's claims that additional restrictions on residual functional capacity are warranted is lacking in support.

Plaintiff also objects to the administrative law judge's finding that his anxiety and depression did not constitute a severe mental impairment. Plaintiff was diagnosed with major depressive disorder, recurrent, moderate, by several examiners; however, as the administrative law judge observed, other than a depressed or dysthymic mood and restricted affect, there were no difficulties noted relative to his interaction with the evaluators or with his memory, concentration, insight or judgment.

When a medically determinable mental impairment is found, as here, the administrative law judge is then to rate the degree of functional limitation in "four broad functional areas" which are activities of daily living, social functioning, concentration, persistence or pace and episodes of decompensation.[4]

Here, the administrative law judge found mild limitation in activities of daily living as most of plaintiff's limitation in this regard is related to physical, not mental, problems. In social functioning, he also assessed only mild limitation as plaintiff's contact with mental health examiners and other physicians has reflected no real difficulty in this regard, despite his drug seeking behavior. Examinations have not demonstrated any limitation of concentration, persistence or pace, as noted,

---

[3] Dr. Lowe, an orthopedic surgeon who also examined plaintiff, reported a normal exam of the back. Dr. Wagner's numerous reports contain complaints of back pain but no clinical findings.

[4] 20 C.F.R. §§ 404.1520a(b), (c); 416.920a(b), (c).

4

but the administrative law judge assessed a mild limitation in this area anyway. Finally, he found nothing in the evidence to suggest episodes of decompensation.

According to the regulations, if the degree of limitation in the first three areas is "none" or "mild," and the last area is rated as "none," the Commissioner will generally find the mental impairment is not severe unless other evidence suggests it imposes "more than a minimal limitation" on ability to do basic work activities.[5] Here, the administrative law judge, based on his review of the evidence, did not find that such limitations were present, and his conclusions are supported by substantial evidence.

Plaintiff's contention that the administrative law judge's credibility findings are inconsistent with the evidence is likewise unsupported. The administrative law judge, in accordance with 20 C.F.R. §§ 404.1529, 416.929, concluded that the evidence established medical impairments "which could reasonably be expected to produce" the pain and other symptoms he alleged. He went on to find, however, that plaintiff's credibility as to the intensity, persistence and limiting effects of his pain and other symptoms was only "fair to poor." He provided plenty of examples in support of his findings, including references to plaintiff's admission that he did not consistently take the medication prescribed for his seizures, medical findings which were not consistent with his complaints and instances where he exhibited drug seeking behavior, all of which undermine his complaints of disabling pain and other symptoms.

After reviewing the record, the Court is satisfied that the administrative law judge's findings with respect to plaintiff's impairments, their severity, the resultant work-related limitations, and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

---

[5]20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: September 30, 2009

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE